IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD A. REED, § | | |
| TDCJ # 653274, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-0993 |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent.[1] § | | |

## MEMORANDUM AND ORDER

The petitioner, Ronald A. Reed (TDCJ # 653274), is a state inmate incarcerated at the Michael Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Reed has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging the result of a prison disciplinary conviction. The respondent has filed a motion for summary judgment, arguing that Reed's claims are meritless and conclusory [Doc. # 6]. Reed has filed a response [Doc. # 15]. After reviewing all of the pleadings, the administrative records,

---

[1] Rick Thaler was named as respondent in this action because he was the Director of the TDCJ at the time the petition for writ of habeas corpus was filed. Because Thaler has retired, the Court substitutes his successor, Director William Stephens, as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

## I.     BACKGROUND

Reed is presently serving concurrent twenty-five year sentences pursuant to two convictions for forgery by possession out of Harris County, Texas: cause numbers 643918 and 647454.  Reed does not challenge any of his underlying convictions here.  Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the TDCJ Terrell Unit where he was confined.  The respondent has provided the administrative report and record of the investigation [Doc. # 7], as well as an audio recording of the disciplinary hearing [Doc. # 11].  The charged offenses and the disciplinary proceedings are described briefly below.

On October 4, 2012, Reed was charged in disciplinary case #20130033903 with violating prison rules by assaulting an officer without a weapon.[2]  The charge specifically alleged that Reed "assaulted Ofc.[sic] L. Lewis by walking directly into, forcefully pushing [her] away from him." [Doc. 7-2, p. 3]  The assault did not result in any injuries.  At a disciplinary hearing on October 11, 2012, Reed appeared with

---

[2]     The offense is classified as a Level 1, Code 3.3 violation of the TDCJ Disciplinary Rules and Procedures, which prohibits assaulting an officer and proscribes punishment where no weapon was used and where the altercation resulted only in a non-serious injury or no injury at all.  *See* TDCJ Disciplinary Rules and Procedures for Offenders (Rev. Jan. 2012) at Attachment A-1, available at www.tdcj.state.tx.us/mediasvc/publications (last visited Feb. 3, 2014).

2

a counsel substitute and entered a plea of "not guilty." After considering the charging officer's written report, her live testimony, and witness testimony read aloud by Reed's counsel substitute, the hearing officer found Reed guilty as charged.

As a result of the disciplinary conviction, Reed lost his commissary and recreation privileges for 45 days. Reed spent 15 days in solitary confinement and he was reduced in classification status from L2 to L3. In addition, Reed forfeited 180 days of previously earned credit for good conduct (*i.e.*, "good-time credit"). Reed challenged the sufficiency of the evidence in support of his conviction by filing a Step 1 and Step 2 grievance, but his appeal was unsuccessful.

Reed now seeks a federal writ of habeas corpus to challenge his disciplinary conviction. Reed, who provides a brief in support of his petition, complains that the disciplinary conviction violates due process because the hearing officer denied Reed the right to call his witnesses [Doc. # 1, p. 6; Doc. # 2, p. 5]. In addition, Reed complains that there was insufficient evidence to support a finding of guilt because the charging officer was the only witness who testified at the hearing. *Id.* Reed also complains that the charging officer changed her account of the offense when she testified at the hearing via telephone [Doc. # 1, p. 7; Doc. # 2, p. 6].

The respondent argues that Reed's forfeiture of privileges and demotion in classification does not implicate the Due Process Clause because they are merely

3

changes in the conditions of his confinement which are not atypical or significant and do not affect the amount of time he must serve. The respondent further contends that Reed is not entitled to relief regarding his loss of time because he fails to show that he was punished without due process. The parties' contentions are discussed below under the standard of review that governs disciplinary proceedings in the prison context.

## II.     **DUE PROCESS IN PRISON DISCIPLINARY PROCEEDINGS**

The respondent argues that Reed fails to demonstrate a valid claim because he does not show that his disciplinary conviction was entered in violation of constitutionally mandated safeguards. Reed seeks a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction that resulted in the loss of 180 days of good-time credit and other miscellaneous sanctions. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). To prevail, a habeas corpus petitioner must establish a constitutional violation.

4

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff*, 418 U.S. at 557; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487.

*See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). The petitioner's claims are addressed below in connection with the sanctions imposed in order to determine whether the punishment implicates the Due Process Clause in this instance.

### A.   **Miscellaneous Sanctions:  Loss of Privileges, Solitary Confinement, and Reduced Status**

Part of the sanction for Reed's disciplinary conviction consisted of a loss of 45 days of commissary and recreation privileges, 15 days of solitary confinement, and a demotion in classification status from L2 to L3. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison*, 104 F.3d at 768. Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See*

6

*id.*; *see also Guajardo v. Bayda,* 344 F. App'x 922, 924 (5th Cir.2009); *Orellana,* 65 F.3d at 31–32 ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status."). The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)*; see also Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003) (prisoner had no liberty interest in his classification). Because the above-referenced sanctions do not implicate a protected liberty interest, Reed is not entitled to habeas corpus relief from these forms of punishment.

### B.   Claims Concerning Lost Good-Time Credits

As a result of his disciplinary conviction, Reed lost 180 days of previously earned good-time credit. When a state creates a right to time credit for good conduct, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Madison*, 104 F.3d at 768 (citing *Wolff*, 418 U.S.

7

at 557). It appears that Reed is eligible for mandatory supervision and, therefore, that he had a protected liberty interest in his previously earned good-time credits. *See Teague*, 482 F.3d at 775-76 (citing *Malchi*, 211 F.3d at 956). To the extent that Reed had a liberty interest in good-time credit accrued toward his potential early release on mandatory supervision, the revocation of those credits must comply with the minimum amount of procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

In *Wolff v. McDonnell*, the Supreme Court considered the minimum level of due process required in the prison disciplinary context. In doing so, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Id.* at 561. Because prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly

hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See Wolff*, 418 U.S. at 563-67.

### 1. **Witnesses**

Reed alleges that he was denied the opportunity to call other inmates as witnesses; however, the record shows that the witnesses' written statements were presented and read at the hearing. The admission of the statements is sufficient to satisfy due process requirements. *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001) ("The Supreme Court has recognized that prisoners do not have a due process right to confrontation or cross-examination during prison disciplinary proceedings.") (citing *Wolff*, 418 U.S. at 556); *Smith v. Rabalais*, 659 F.2d 539, 543 -544 (5th Cir. Unit A 1981) (prison officials may limit an inmate's access to prisoner witnesses for security reasons) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 321-23 (1976)); *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979) (The right to call witnesses for a prison disciplinary hearing is a "limited right") (citing *Wolff*).

The Court has reviewed the written records associated with disciplinary case #20130033903, and the disciplinary hearing audio recording submitted by respondent. Copies of the written witness statements are included in the record and the audio recording includes a reading of the witness statements by Reed's counsel substitute.

The disciplinary hearing records confirm that Reed was afforded ample notice of the charges against him, along with an opportunity to appear and present a defense at a disciplinary hearing. He was also given a written copy of the *TDCJ Disciplinary Report and Hearing Record* detailing the reasons for his conviction. Reed does not complain that he received insufficient notice of the charges or that he was denied a written statement of the reason for his conviction. Accordingly, Reed fails to demonstrate that he was denied the minimum level of procedural due process as dictated by the Supreme Court in *Wolff*, 418 U.S. at 563-67.

### 2. **Sufficiency of the Evidence**

Reed claims that there was insufficient evidence to support the disciplinary conviction because the charging officer, who was the only witness who testified at the hearing, changed her account of the incident. He specifically complains that Officer Lewis alleged that he had "bumped" her in one account and in another account she alleged that he "pushed" her[Doc. # 1, p. 7]. Reed contends that the inconsistencies demonstrate that the charges are false.

The Supreme Court in *Wolff* held that disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process. *See Hill*, 472 U.S. at 457; *Broussard*, 253 F.3d at 876-77. It is well settled, however, that "federal courts cannot retry every prison disciplinary dispute; rather the court may act

only where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). In other words, when reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Rabalais*, 659 F.2d at 543; *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995); *Turner v. Johnson*, 46 F. Supp. 2d 655, 660 (S.D. Tex. 1999). To satisfy the Due Process Clause in the context of prison disciplinary proceedings "requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457. "The goal of this standard — variously a 'modicum of evidence,' 'any evidence,' or 'some evidence' — is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001) (citing *Hill*, 472 U.S. at 455). Thus, federal habeas corpus courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings, and need only examine whether the guilty finding has the "support of 'some facts' or 'any evidence at all.'" *Hudson*, 242 F.3d at 537.

The record shows that, in addition to providing a written report of the incident, Officer Lewis testified at the disciplinary hearing and described how Reed pushed against her while she was conducting a head count of the inmates living in Reed's

area. [Doc. # 7-2, p. 4, Offense Report; Doc. # 11, CD Audio Record]. The written offense report and testimony from a charging officer is more than sufficient evidence to sustain the disciplinary conviction in this instance. *See Hudson*, 242 F.3d at 536-37 (finding that the offense report, standing alone, meets the "some evidence" standard).

Although Reed disputes Officer Lewis's account and uses the inconsistencies between her written statement and her oral testimony to attack her credibility, a federal habeas corpus court may not weigh evidence when reviewing a prison disciplinary proceeding. *See Hill*, 472 U.S. at 455; *Hudson*, 242 F.3d at 537. Because there was sufficient evidence to support the guilty finding, this Court must defer to the disciplinary hearing officer. *See Hudson*, 242 F.3d at 537. Reed has not demonstrated that he was denied due process or that the challenged disciplinary conviction fails for lack of sufficient evidence. Accordingly, the respondent is entitled to summary judgment and the petition must be dismissed.

## III.  **CERTIFICATE OF APPEALABILITY**

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that

actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV.  PETITIONER'S MOTIONS

Reed moves for court appointed counsel alleging that he has no legal training and that counsel is necessary to present evidence and cross-examine witnesses [Doc. # 8]. The motion is **DENIED** because there is no right to counsel in a post-conviction habeas proceeding. *Callins v. Johnson*, 89 F.3d 210, 212 (5th Cir. 1996) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Reed's motion to proceed *in forma pauperis* [Doc. # 9] is **DENIED** as **MOOT** because the Court has previously granted Reed permission to proceed as a pauper.

Reed has filed a motion seeking inspection of the original statements of the witnesses in his disciplinary proceeding [Doc. # 12]. He also seeks access to Officer Lewis's medical records and an alleged video tape recording of the incident. *Id.* Reed has also filed a motion to compel Officer Lewis to submit to a polygraph examination [Doc. # 13]. In addition, Reed has filed a motion for discovery regarding any repairs

or work done on the video camera alleged to have recorded the incident in question [Doc. # 14]. He has filed a motion also opposing the respondent's motion for summary judgment and reiterates his request for a polygraph examination. *Id.* "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Reed's discovery requests are **DENIED** in that he has failed to demonstrate that the production of the sought after documents would alter the outcome of this proceeding. *See Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998).

Reed has also filed motions for an injunction regarding his housing and classification since his transfer to the TDCJ Michael Unit. Reed complains of the conditions and care he has received there. He also alleges that he has been retaliated against for pursuing his legal work. He seeks an order transferring to another unit. The Michael Unit is located in the Eastern District of Texas which is outside of the Court's jurisdiction. Further, Reed does not have a liberty right to determine where he is to be assigned. *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). The motions [Doc. ## 16 and 17] are **DENIED**.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 6] is **GRANTED**.

2. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

4. The petitioner's motions [Doc. ## 8, 9, 12, 13, 14, 15, 16, and 17] are **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on February 10, 2014.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge